IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

PHIL R. WALDRUP AND
ANNE B. WALDRUP                                                          PLAINTIFFS

v.                                                    CIVIL ACTION NO. 3:24-CV-158-SA-RP

DEPARTMENT OF THE TREASURY, *et al*.                                     DEFENDANTS

ORDER

On May 30, 2024, the Waldrups, who are proceeding *pro se*, initiated this lawsuit by filing

their Complaint [1]. They listed the following Defendants in the case caption: Department of the

Treasury IRS Independent Office of Appeals, Internal Revenue Service, D. Setzer, Dean Thomas,

and Richard Mrozek.

On August 6, 2024, the United States filed its Motion to Dismiss [14], requesting that the

Complaint [1] be dismissed pursuant to Rules 12(b)(1) and 12(b)(6).[1]

*Background*

This lawsuit concerns the Waldrups' tax return for the 2016 tax year. In the "Statement of

Claim" section of the form Complaint [1], they provided the following explanation: "Errors were

made by IRS and me when I filed my 2016 tax year. I have [correspondence] back and forth to try

to get it resolved." [1] at p. 5. This is the entirety of the factual allegations contained in the

Complaint [1]. The Waldrups request money damages in the amount of $4,724.76.

*Analysis and Discussion*

The United States raises multiple arguments in favor of dismissal. First, it contends that

the Waldrups have not complied with the statutory prerequisites necessary to proceed on a tax

---

[1] The United States—not the IRS or the Department of the Treasury—is the proper governmental party.
*See*, *e.g.*, *Simien v. IRS*, 2007 WL 234605, at *2 (W.D. La. Jan. 31, 2007).

refund case of this nature. Second, it asserts that the allegations of the Complaint [1] fall below

the requisite pleading standard. Finally, the United States argues that the individual Defendants

should be dismissed because the claims against them are essentially official capacity claims which

would be paid from the Treasury.

The Court begins with the statutory prerequisites to suit. "The United States may not be

sued except to the extent that it has consented to such by statute." *Shanbaum v. United States*, 32

F.3d 180, 182 (5th Cir. 1994) (citing *United States v. Testan*, 424 U.S. 392, 399, 96 S. Ct. 948, 47

L. Ed. 2d 114 (1976)). "A 'guiding principle is that waivers of sovereign immunity should be

narrowly construed in favor of the United States.'" *Chaisson v. United States*, 2024 WL 81581, at

*1 (5th Cir. Jan. 8, 2024) (quoting *In re Supreme Beef Processors, Inc.*, 468 F.3d 248, 253 (5th

Cir. 2006)). In the recent *Chaisson* case, the Fifth Circuit, in an unpublished opinion, articulated

the prerequisites to suit in a tax refund case:

> Federal district courts have jurisdiction over "any civil action
> against the United States for the recovery of any internal-revenue
> tax alleged to have been erroneously or illegally assessed or
> collected, or any penalty claimed to have been collected without
> authority or any sum alleged to have been excessive or in any
> manner wrongfully collected under the internal-revenue laws." 28
> U.S.C. § 1346(a)(1). However, "despite its spacious terms, §
> 1346(a)(1) must be read in conformity with other statutory
> provisions which qualify a taxpayer's right to bring a refund suit
> upon compliance with certain conditions." *United States v. Dalm*,
> 494 U.S. 596, 601-03, 110 S. Ct. 1361, 108 L. Ed. 2d 548 (1990)
> (citing 26 U.S.C. §§ 7422(a), 6511(a)). As relevant here, one of
> those conditions is the full-payment rule, which "requires full
> payment of the assessment before an income tax refund suit can be
> maintained in a Federal District Court." *Flora v. United States*, 362
> U.S. 145, 177, 80 S. Ct. 630, 4 L. Ed. 2d 623 (1960) (additional
> citations omitted). *Put differently, a taxpayer must "pay first and
> litigate later." Flora*, 362 U.S. at 164, 80 S. Ct. 630.

*Id*. at *2 (some citations omitted) (emphasis added).

Here, the United States argues that despite expressing dissatisfaction with the IRS' handling of their 2016 taxes, the Waldrups' Complaint [1] provides no indication that they actually paid the disputed amount. In other words, the United States contends that the case should be dismissed pursuant to the full-payment rule.

In their Response [18], the Waldrups appear to contend that they paid any past due amounts, stating that their "account is 'clean' with I.R.S. for all previous and subsequent years (No back taxes owed or legal issues with I.R.S.)." [18] at p. 2. They also attached to their filing an "Account Transcript" that appears to be legitimate documentation from the IRS; however, it is candidly difficult for the Court to decipher the importance of the information contained therein.

In its Reply [19], the United States takes the position that the Court should not consider this information since it was not included in the Complaint [1] and avers that since these allegations are not contained within the Complaint [1], the case should be dismissed.

Although the United States is correct that these allegations should have been (and were not) included in the Complaint [1], dismissal of the lawsuit altogether would be harsh, particularly considering the Waldrups' *pro se* status. *See*, *e.g.*, *Amos v. Cain*, 2022 WL 610344, at *3 (N.D. Miss. Mar. 1, 2022) ("This Court is cognizant that leniency should be extended to pro se litigants . . . However, the Court cannot excuse the *Pro Se* Plaintiffs' failure to comply with the most fundamental requests[.]"); *Calhoun v. Hargrove*, 312 F.3d 730, 733-34 (5th Cir. 2002) (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)) ("It is well-established that '*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers.'"). Instead, the Court finds it appropriate to provide the Waldrups an opportunity to file an amended complaint that clearly articulates the steps that they have taken to comply with the statutory prerequisites to suit. *See*, *e.g.*, *Phoneternet, LLC v. LexisNexis Risk Solutions, Inc.*, 2019 WL

13207629, at *1 (N.D. Tex. Jan. 14, 2019) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994)) ("The decision to allow amendment of a party's pleadings is within the sound discretion of the district court.").

While it will not address the issue in great detail, the Court also notes the United States' second argument—that the Complaint [1] lacks sufficient factual support to survive Rule 12(b)(6) scrutiny. The Waldrups, in filing their amended complaint, should include factual allegations to support their contention that they were wrongfully denied payment of funds from the IRS. In other words, they should provide factual allegations that support their legal conclusions. *See*, *e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Should the Waldrups fail to do so, their amended complaint will face dismissal.

*Conclusion*

The Waldrups shall have until December 31, 2024 (21 days) to file an amended complaint addressing the inadequacies addressed herein. Should they fail to do so, the Court will dismiss the lawsuit without further notice for failure to prosecute. If it desires to do so, the United States may file a renewed dispositive motion after the amended complaint is filed. The Motion to Dismiss [14] is hereby TERMINATED on the docket.[2]

SO ORDERED, this the 10th day of December, 2024.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE

---

[2] In their Response [18], the Waldrups did not address the United States' arguments pertaining to the individual Defendants. In their amended complaint, the Waldrups should make clear the Defendants from whom they seek recovery and clearly articulate facts to support such desired relief.