IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

PHIL R. WALDRUP AND
ANNE B. WALDRUP                                                                               PLAINTIFFS

v.                                                                            CIVIL ACTION NO. 3:24-CV-158-SA-RP

UNITED STATES OF AMERICA                                                                       DEFENDANT

ORDER

On May 30, 2024, the Waldrups, who are proceeding *pro se*, initiated this lawsuit by filing their Complaint [1] against the Department of the Treasury IRS Independent Office of Appeals, Internal Revenue Service, D. Setzer, Dean Thomas, and Richard Mrozek. On December 10, 2024, the Court entered an Order [20] recognizing deficiencies in the Waldrups' Complaint [1] and providing them an opportunity to amend.

In accordance with the Court's directive, the Waldrups filed an Amended Complaint [28] on December 27, 2024. The Amended Complaint [28] names only the United States of America as a defendant. The United States has moved to dismiss the case, having filed its Motion to Dismiss [29] on January 10, 2025. The Waldrups have not responded to the Motion [29], and their time to do so has long passed. The Court is prepared to rule.

*Relevant Background*

This lawsuit concerns the Waldrups' 2016 tax return. In their initial Complaint [1], the Waldrups provided the following explanation in the "Statement of Claim" section of the form document: "Errors were made by IRS and me when I filed my 2016 tax year. I have [correspondence] back and forth to try to get it resolved." [1] at p. 5. This was the entirety of the

factual allegations contained in the Complaint [1]. The Waldrups requested money damages in the amount of $4,724.76.

In its previous Order [20], the Court acknowledged the statutory prerequisites to suit in a tax refund case of this nature, explained that the Waldrups had not alleged that they had complied with those prerequisites, and provided the Waldrups an opportunity to amend. The Court also advised the Waldrups of their obligation to provide factual allegations to support their legal conclusions.

The Waldrups' Amended Complaint [28] is, like the initial Complaint [1], far from a model of clarity. The body of the form document does not include any factual allegations but refers to an attached letter directed to the Court. In the attached letter, the Waldrups indicate that their claim is based upon a premium tax credit they apparently did not receive credit upon filing their 2016 tax return. The Waldrups also attached numerous printouts from the IRS website with handwritten notes on them, along with other documents.

In its Motion to Dismiss [29], the United States contends that the Waldrups' Amended Complaint [28] is still deficient. The United States takes the position that the Waldrups have again not adequately alleged that they complied with the administrative prerequisites to suit and that, even if they had done so, the Amended Complaint [28] fails to allege facts sufficient to survive Rule 12(b)(6) scrutiny.

As noted previously, the Waldrups have not responded to the United States' Motion [29]. Their time to do so passed months ago. *See* L. U. Civ. R. 7(b)(4). But since the Motion [29] is potentially dispositive, the Court will not grant it as unopposed but will instead consider it on the merits without the benefit of a response. L. U. Civ. R. 7(b)(3)(e).

*Analysis and Discussion*

The Court will first consider the prerequisites to suit before turning to the United States' Rule 12(b)(6) argument.

"The United States may not be sued except to the extent that it has consented to such by statute." *Shanbaum v. United States*, 32 F.3d 180, 182 (5th Cir. 1994) (citing *United States v. Testan*, 424 U.S. 392, 399, 96 S. Ct. 948, 47 L. Ed. 2d 114 (1976)). "A 'guiding principle is that waivers of sovereign immunity should be narrowly construed in favor of the United States.'" *Chaisson v. United States*, 2024 WL 81581, at *1 (5th Cir. Jan. 8, 2024) (quoting *In re Supreme Beef Processors, Inc.*, 468 F.3d 248, 253 (5th Cir. 2006)).

Sovereign immunity has been waived in the context of tax refund cases pursuant to 28 U.S.C. § 1346 which in pertinent part provides federal district courts with original jurisdiction over "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any matter wrongfully collected under the internal-revenue laws[.]" 28 U.S.C. § 1346(a)(1). Despite Section 1346(a)(1)'s broad language, it "must be read in conformity with other statutory provisions which qualify a taxpayer's right to bring a refund suit upon compliance with certain conditions." *Chaisson*, 2024 WL 81581 at *2.

One such condition is the full payment rule, which "requires full payment of the assessment before an income tax refund suit can be maintained in a Federal District Court." *Id*. (quoting *Flora v. United States*, 362 U.S. 145, 177, 80 S. Ct. 630, 4 L. Ed. 2d 623 (1960) (additional citations omitted). In its previous Order [20], this Court noted the Waldrups' failure to allege that they had paid the disputed tax amount. The Amended Complaint [28] still does not explicitly allege such.

3

However, in its Memorandum [30], the United States concedes that the Waldrups' account transcript attached to their Amended Complaint [28] indicates a negative balance, from which the Court can infer that the Waldrups paid their assessed tax. Although the Waldrups have not specifically alleged that they complied with the full payment rule, the Court will give them the benefit of the doubt on this point.

Another prerequisite to suit is contained in 26 U.S.C. § 7422(a), which provides as follows:

> **(a)** **No suit prior to filing claim for refund.**--No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, *until a claim for refund or credit has been duly filed with the Secretary*, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a) (emphasis added).

"The taxpayer must file an administrative claim and then wait six months before filing a lawsuit in federal court seeking relief." *Vogt v. United States*, 2011 WL 5553678, at *4 (E.D. Tex. Oct. 5, 2011) (citing *Glass v. United States*, 71 F. App'x 442 (5th Cir. 2003); 26 U.S.C. § 6532(a)). "The Supreme Court has described this requirement as one of administrative exhaustion." *Kim v. United States*, 461 F. Supp. 2d 34, 38 (D.D.C. 2006) (citing *United States v. Williams*, 514 U.S. 527, 532-33, 115 S. Ct. 1611, 131 L. Ed. 2d 608 (1995)). The Code of Federal Regulations provides certain requirements with which an administrative claim must comply:

> **(b) Grounds set forth in claim. (1)** No refund or credit will be allowed after the expiration of the statutory period of limitation applicable to the filing of a claim therefor except upon one or more of the grounds set forth in a claim filed before the expiration of such period. *The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof. The statement of the*

4

> *grounds and facts must be verified by a written declaration that is made under the penalties of perjury*. A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit.

26 C.F.R. § 301.6402.2(b)(1) (emphasis added).

The administrative claim must be filed within three years of the date the tax return was filed or within two years of the date the tax was paid, whichever is later. *See* 26 U.S.C. § 6511(a).

The Amended Complaint [28] does not contain a specific allegation that the Waldrups complied with the administrative claim prerequisite. But one of the pages in the letter to the Court does assert that the "IRS has had 2 letters and an amended return well within the 3 year rule to address my concerns, therefore the 3 year rule should not be allowed to reject my amended complaint. Also included Form 1040X filed 10-22-2019." [28] at p. 10.

This allegation appears to contain an implicit recognition of the existence of the administrative claim prerequisite. Because the Waldrups' allegations are far from clear, the Court will look to the actual documentation they provided to decipher whether they have complied with the administrative claim requirement. The account transcript they provided indicates that the 2016 return was filed on November 17, 2017. *See* [28], Ex. 1 at p. 20.

The Waldrups' documentation includes an amended 2016 tax return which is dated October 22, 2019. *Id*. at p. 24-25. But notably, as pointed out by the United States, the amended return is *not* reflected on the account transcript and thus was presumably not submitted to the IRS or not accepted as an amended return. *See id*. at p. 20-21. It is also noteworthy that the amended return does not "set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof," as is required under the Regulation. *See* 26 C.F.R. § 301.6402-2(b)(1). The amended return includes a brief explanation that a premium tax credit of $1608 was reflected as a debit instead of a credit, but it provides no

5

specifics as to that point. In other words, even if filed, this amended return would not constitute a valid administrative claim.

At this stage, the Waldrups' failure to respond to the instant Motion [29] is critical. They provide no explanation as to these apparent deficiencies. Based on the record before it, the Court cannot conclude that this amended return constitutes a proper initiation of an administrative claim.[1]

The Waldrups' Amended Complaint [28] also references two letters to the IRS. Only one such letter was included in the Waldrups' filing. That letter, which is dated October 22, 2018, is from Phil Waldrup to the IRS and addresses a notice that the Waldrups received a week prior on October 15, 2018. It includes the subject line "Response to CP2000 dated 10-15-2018 for tax year 2016" and states as follows:

> Please remove Self Employment taxes form my return as I do not actively participate in the planting or harvesting of the crop. My farm is rented to Robert Ferrel who actively farms the crop and he receives 75% of the crop and I receive 25%. See North Mississippi grain sheet. Please change $1049.00 SE tax and $47.00 interest to $.00.
>
> In the Tax Computations of the CP2000, $1608.00 is shown as excess advanced premium tax credit. Repayment, LINE 46 as a tax when I reported it on Line 69 next premium tax credit as a credit.
>
> Please recalculate TPC window.
>
> LINE 74 of my return shows $6782.00 total payment. A US Treasury check was issued for $3566.00.

---

[1] The Court notes that the documentation provided does include a letter dated September 9, 2020 from the IRS to the Waldrups that references the amended return and indicates that "[w]e're sending your claim, Form 1040X, to the Austin Submission Processing Center to process. That office will contact you within 60 days." [28], Ex. 1 at p. 26. The account transcript does indicate that the IRS received an amended return on October 25, 2020. However, the Court does not have a copy of that amended return that would enable it to determine whether or not it constitutes a valid administrative claim (or whether it is any different than the previously-referenced October 22, 2019 amended return that lacks sufficient factual allegations). Again, the Waldrups' failure to respond to the United States' Motion [29] has left the Court in this precarious situation of attempting to piece together these documents.

[28], Ex. 1 at p. 31.

Notably, the letter was not signed under penalty of perjury, as specifically required by 26 C.F.R. § 301.6402.2(b)(1).

It should also be noted that, even if the documentation were construed as a valid administrative claim, none of it requests a refund in the amount of $4724.76, which is the amount that the Waldrups now claim.

In sum, the Waldrups have not sufficiently alleged that they complied with the administrative perquisite requirement. In reaching this conclusion, the Court again reiterates that the Waldrups attached a myriad of documentation to their filing and provided minimal to no explanation as to much of its relevance. The Court has attempted to sift through the documentation to the extent possible. But the lack of any explanation as to the documents has rendered it difficult to discern the relevancy of several of the documents. And the Waldrups' failure to respond to the Motion [29] only further contributed to the lack of clarity surrounding this issue.

Although the Waldrups are proceeding *pro se*, the Court cannot proceed in the absence of jurisdiction. *See In re GenOn Mid-Atlantic Dev., LLC*, 42 F.4th 523, 533 (5th Cir. 2022) ("Jurisdiction comes first[.]"). Ultimately, the Waldrups have not adequately alleged that they complied with the administrative claim prerequisite. The claim is due to be dismissed on that basis.

Setting aside the administrative claim prerequisite, the Amended Complaint [28] is otherwise deficient. As noted previously, the Waldrups' failure to receive the premium tax credit in 2016 is the crux of their grievance. The body of the Amended Complaint [28] fails to allege any facts to support their eligibility for the credit. Instead, the Waldrups attached to the Amended Complaint [28] a printout from the IRS website that lists the criteria for the credit's eligibility. *See* [28], Ex. 1 at p. 1-2. The Waldrups included handwritten annotations in the margins of that

printout. For instance, in the margin, they wrote "yes" next to each of the listed criteria. This is insufficient to adequately allege a legal claim for purposes of the Rule 12(b)(6) inquiry.

Again, the Court is cognizant of the Waldrups' *pro se* status and has extended them leniency—both in generously construing their filings and in providing them an opportunity to amend their initial Complaint [1]. However, their *pro se* status does not negate the obligation to comply with general pleading standards. *See*, *e.g.*, *Nunn v. Dickerson*, 2022 WL 3271074, at *2 (N.D. Miss. Aug. 10, 2022) ("This Court has on numerous occasions expressed that pro se litigants should be extended some leniency; however, a litigant's *pro se* status does not negate the duty to comply with general rules of litigation.").

The Amended Complaint [28] fails to adequately allege facts to support the Waldrups' claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). In other words, the Amended Complaint [28] cannot survive Rule 12(b)(6) scrutiny.

In reaching its conclusion, the Court feels compelled to once again note that the Waldrups' failure to respond rendered the task here difficult. The Court has attempted to locate the relevant documentation and make all inferences in favor of the Waldrups. However, the lack of clarity in the Amended Complaint [28] and the failure to respond to the present Motion [28] to provide context has left this Court with no alternative but to dismiss their claims.

*Conclusion*

The United States' Motion to Dismiss [29] is GRANTED. The Amended Complaint [28] is DISMISSED *with prejudice*. A Final Judgment will be entered this day. This CASE is CLOSED.

SO ORDERED, this the 30th day of May, 2025.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE
